# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Richard Sanson, Jean Sanson,**
**and Cecilia Sanson**
**Defendants Below, Petitioners**

**vs.) No. 14-0966** (Kanawha County 10-C-1785)

**Allstate Wrecker Recovery**
**& Used Sales, LLC and Daniel Kessler**
**Plaintiffs Below, Respondents**

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Richard Sanson, Jean Sanson, and Cecilia Sanson, by counsel David L. White, appeal the Circuit Court of Kanawha County's August 29, 2014, order granting respondents' motion for summary judgment and enforcing the sales contract between the parties. Respondents Allstate Wrecker Recovery & Used Sales, LLC, and Daniel Kessler, by counsel D. Adrian Hoosier, II, filed a response in support of the circuit court's order. On appeal, petitioners argue that the circuit court erred in granting respondents' motion for summary judgement when the motion was not properly supported and genuine issues of material fact required jury resolution, and in disposing of the case without resolving all issues in the case, including petitioners' counter-claim.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is affirmed, in part, and remanded back to the circuit court with directions to enter an order that addresses petitioners' counter-claim for damages.

In September of 2009, petitioners and respondents entered into an agreement for respondents to purchase petitioners' wrecker and recovery business. The purchase included a salvage lot, several trucks, business telephone numbers, and accessories, for a total of $107,000. The contract defines purchasers' and sellers' duties in each paragraph. The contract stated that purchasers are buying "all the telephone numbers," "all accessories to go with trucks," and "motors and transmissions" to go with the aforementioned trucks. The contract also established that the salvage lot was to be "rented by the purchaser for six months' rent free, then an extended three years for rent at the amount of $400 per month and at the end of forty-two months, the rent will be increases (sic) annually by the Consumer Price Index." An additional provision provided that the purchase of the salvage lot would be for $75,000 if purchased within the first forty-two

months. The same provision provided that if the property was not purchased within the forty-two months then the purchase price would increase annually by the Consumer Price Index. The contract also included a provision for the purchaser to "always [have] the right of first refusal on the above mentioned lot." The contract also contained a September 1, 2009, closing date for the sale of the above mentioned business. In October of 2010, Petitioners refused to accept payments for the subject property made within the first forty-two months of the September agreement. Respondents initiated an action to enforce the contract within that forty-two month period and later filed a motion requesting summary judgment.

In July of 2014, the circuit court held a hearing on respondents' motion for summary judgment. After the close of the hearing, the circuit court found that the parties entered into an agreement that required petitioners to sell their "property bargained for" to respondents and the agreement failed to provide petitioners with an "option to cancel the alleged lease." The circuit court also found that the agreement between the parties was "clear and unambiguous" and that petitioners "understood the [a]greement and knew exactly which lots were for sale." The circuit court determined that petitioners admitted knowledge of the subject lots and respondents tendered payments to petitioners, which they have "accepted since this litigation commenced." On August 29, 2014, the circuit court entered an order granting respondents' motion for summary judgment and enforcing the sales contract between the parties. It is from this order petitioners now appeal.

We have previously held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We have further held that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." *Id.* at 190, 451 at 756, Syl. Pt. 3. On appeal, petitioners argue that the circuit court erred in granting respondents' motion for summary judgement because the motion was not properly supported and genuine issues of material fact required jury resolution. Petitioners further argue that they pled sufficient proof of fraud and duress to present a jury question relative to the formation of the alleged contract at issue. Specifically, petitioners contend that they never intended to sell the "lots" to respondents but only to "afford them the right of first refusal if they ever decided to sell the salvage yard lot." In support of their argument, petitioners cite to other "agreements" the parties allegedly drafted before the final contract was signed by all the parties. Petitioners also maintain that the contract was uncertain and ambiguous and that the circuit court should have looked at the other writings based on our holding that:

> [w]hile the general rule is that the construction of a writing is for the court; yet where the meaning is uncertain and ambiguous, parol evidence is admissible to show the situation of the parties, the surrounding circumstances when the writing was made, and the practical construction given to the contract by the parties themselves either contemporaneously or subsequently. If the parol evidence be not in conflict, the court must construe the writing; but if it be conflicting on a material point necessary to interpretation of the writing, the question of its meaning should be left to the jury under proper hypothetical instructions." Syl. Point 4, *Watson v. Buckhannon River Coal Co.,* 95 W.Va. 164, 120 S.E. 390 (1923).

Syl. Pt. 1, *Buckhannon Sales Co. v. Appalantic Corp.*, 175 W.Va. 742, 338 S.E.2d 222 (1985).

Upon careful review of the record before us, we find no error in the circuit court's granting respondents' motion for summary judgment and enforcing the sales contract between the parties. The clear language of the contract indicated that petitioners and respondents entered into an agreement for respondents to purchase petitioners' wrecker and recovery business. According to the record on appeal, the meaning of contract was certain and unambiguous, thus, the circuit court was not required to look at outside writings to ascertain the clear meaning of the contract between the parties. The contract identified the parties as "purchasers" and "sellers" and included provisions to "sell" to respondents "all the telephone numbers," "all accessories to go along with the trucks," "motors and transmissions" to accompany the aforementioned trucks, and the salvage lot. We have previously addressed contract formation issues and we have indicated that "[t]he essence of contract formation is, in the traditional formulation, a 'meeting of the minds' of the contracting parties, or in the more accurate contemporary formulation, their manifestations of mutual asset to a bargained-for exchange of promises or performances." *Conley v. Johnson*, 213 W.Va. 251, 255, 580 S.E.2d 865, 869 (2003) (citing *Restatement (Second) of Contracts* §§ 19-23 (Tent. Draft Nos. 1 7, 1973)). The circuit court determined that, at all times, the parties knew that respondents would take title to the subject salvage lot property under the terms of the contract for purchase. The record is devoid of any evidence suggesting that modifications to the substantive terms of the agreement were made by either party. Additionally, the circuit court found that petitioners provided respondents with the tax ticket lot numbers to the exact lots contained in the parties' contract for sale. It is also clear from the record that, throughout the litigation, respondents tendered payments to petitioners and petitioners accepted those payments.

Additionally, the circuit court found that the "substantive terms of the [a]greement" were clear. We have previously stated that in construing a written contract, "it is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract." *Faith United Methodist Church v. Morgan,* 231 W.Va. 423, 444, 745 S.E.2d 461, 482 (2013). As previously stated, there is no language within the sales contract from which the circuit court could have reasonably concluded that the agreement was anything other than a sales contract between petitioners and respondents for the sale and purchase of petitioners' wrecker and recovery business. Therefore, we find no error in the circuit court granting summary judgement and in enforcing the contract between the parties.

Petitioners also argue that respondents misrepresented the terms of the contract and "bullied" them into signing a contract that did not allude to the previous agreements. However, petitioners presented no evidence to show that they entered into the contract under duress.

Petitioners also assert on appeal that the circuit court's order granting summary judgment did not resolve all issues in the case, including the petitioners' counter-claim for damages. Petitioners contend that the circuit court ignored their counter-claim and entered its final order "as if those claims had not even been asserted." We have previously held that "on summary judgment, a circuit court must make factual findings sufficient to permit meaningful appellate

review." *Gentry v. Mangum,* 195 W.Va. 512, 521, 466 S.E.2d 171, 180 (1995). Because the circuit court failed to set out factual findings sufficient to permit meaningful appellate review regarding petitioners' counter-claim for damages, we remand the matter to the circuit court with directions to address the counter-claim.

For the foregoing reasons, we (1) affirm the Circuit Court of Kanawha County's August 29, 2014, order granting respondents' motion for summary judgment and enforcing the sales contract between the parties; and (2) remand the case with directions to enter an order that addresses petitioners' counter-claim for damages.

Affirmed, in Part, and Remanded with Directions.

**ISSUED: April 12, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis